# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission, | |
| Plaintiff, | Case No. 3:20-cv-00882-MGL |
| v. | |
| SCANA Corporation, Dominion Energy South Carolina, Inc. (f/k/a South Carolina Electric & Gas Co.), Kevin B. Marsh, and Stephen A. Byrne, | |
| Defendants. | |

## THE UNITED STATES' MOTION TO INTERVENE
## AND TO STAY CIVIL PROCEEDINGS

BACKGROUND ................................................................................................................ 3

ARGUMENT ..................................................................................................................... 4

   I. The United States Should be Granted Leave to Intervene as of Right. ............... 4

      A. The United States Has a Right to Intervene. .................................................. 5

      B. Alternatively, the Court Should Permit the United States to Intervene. ........ 8

   II. The Court Should Stay the Civil Proceedings Pending the Criminal Investigation. ......... 8

      A. This Court Has Inherent Authority to Issue a Stay. ....................................... 8

      B. A Stay Will Prevent Unfair Prejudice to the United States. ......................... 10

      C. A Stay Will Not Prejudice the Civil Parties. ................................................ 12

      D. A Stay Promotes the Court's Interests in Judicial Economy. ...................... 13

      E. A Stay Will Protect the Public's Interest. .................................................... 13

CONCLUSION ............................................................................................................... 14

The United States of America respectfully: (1) seeks leave to intervene in this action under Rule 24 of the Federal Rules of Civil Procedure; and (2) moves to stay litigation in light of the parallel criminal prosecution pending in *United States v. Stephen A. Byrne*, Crim. No. 3:20-cr-00335 (D.S.C. June 8, 2020), and a related, ongoing criminal investigation. Given that the same alleged fraudulent schemes are at issue in both the civil and criminal cases, a stay of the proceedings is necessary to protect the United States' interest in connection with the ongoing criminal investigation and to guard against use of the civil discovery process in ways that might compromise the ongoing criminal investigation. A stay of the civil proceedings pending the resolution of the parallel criminal matters will promote the public's interest by preserving and protecting the integrity of the ongoing criminal proceeding and investigation. Further, a stay under these circumstances will promote judicial economy.

Accordingly, the United States respectfully requests that the Court: (1) permit the undersigned prosecutors from the Criminal Division of the United States Attorney's Office to intervene pursuant to Federal Rule of Civil Procedure 24; and (2) order, pursuant to the Court's inherent power, that civil proceedings be stayed until the conclusion of related criminal matters and the ongoing criminal investigation.[1] Counsel for the United States have conferred with counsel for the parties to this matter. Plaintiff United States Securities and Exchange Commission and Defendants SCANA Corporation, Dominion Energy South Carolina, Inc. (formerly known as South Carolina Electric & Gas Company), and Stephen A. Byrne do not oppose this motion. As of the time of this filing, counsel has not verified whether Defendant Kevin Marsh intends to oppose this motion.

---

[1] While the United States seeks to stay civil proceedings, to include formal discovery and active litigation, it does not intend to preclude the parties from engaging in settlement discussions or otherwise resolving the claims at issue in this case.

## BACKGROUND

On February 27, 2020, the United States Securities and Exchange Commission ("SEC") filed a civil complaint against SCANA Corporation ("SCANA"), Dominion Energy South Carolina, Inc. ("DESC"), Kevin B. Marsh ("Marsh"), and Stephen A. Byrne ("Byrne") (collectively the "Civil Defendants"). The complaint alleges that SCANA and its senior executives, including Marsh and Byrne, repeatedly deceived investors, regulators, and the public over several years regarding the status of the construction of two new nuclear power facilities at the V.C. Summer Nuclear Station in Jenkinsville, South Carolina (the "Nuclear Project"). Specifically, the SEC Complaint alleges that "[d]espite the deteriorating status of the project, SCANA's senior management continued making false and misleading statements to the public regarding the construction schedule and the production tax credits," including public statements made in earnings calls, in periodic filings, and in statements to South Carolina's utility rate-making authority, the Public Service Commission ("PSC"). Dkt. No. 1 at 4-6.

The criminal case also arises out of the failed Nuclear Project. On June 8, 2020, the United States filed an Information charging Byrne with conspiring to commit mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, all in violation of 18 U.S.C. § 371. Specifically, the Information alleges that, through intentional and material misrepresentations and omissions, Byrne and others deceived regulators and customers to maintain financing for the project and to financially benefit SCANA. In addition to the Information, the United States also filed a Plea Agreement under which Byrne agreed to plead guilty to the charges in the Information.

As fully set forth in the filed Information, the targets of the criminal investigation conspired to misrepresent the true status of the Nuclear Project and to withhold materially derogatory

information about its costs and schedule from investors, creditors, regulators, and their customers. The United States anticipates filing additional criminal charges against other members of the conspiracy. The criminal investigation is ongoing. Therefore, the United States now seeks to intervene in the civil action to request a stay pending the ongoing criminal prosecution and criminal investigation.

## ARGUMENT

### I.     The United States Should be Granted Leave to Intervene as of Right.

Given that the United States' ability to protect its interests in this case may be impeded by the disposition of the civil action, and that the United States' interests (as may arise from its criminal authority) are not adequately represented by the parties to the civil action, the Court should grant this timely request to intervene as of right. Rule 24 of the Federal Rules of Criminal Procedure provides that a party may intervene in a civil action either as a matter of right or on a permissive basis. Under Federal Rule of Civil Procedure 24(a)(2), a litigant must satisfy four requirements in order to intervene as of right: (1) the application must be timely; (2) the applicant must have an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation. *Backus v. S. Carolina*, 2012 WL 406860, at *2 (D.S.C. Feb. 8, 2012) (citing *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981)).

Alternatively, under Federal Rule of Civil Procedure 24(b)(1)(B), a litigant must meet three requirements in order to intervene on a permissive basis: (1) the motion to intervene must be timely; (2) an applicant's claim or defense and the main action have a question of law or fact in common; and (3) in its discretion, the court shall determine that the intervention will not unduly

4

delay or prejudice the adjudication of the rights of the original parties. *Id.* at *2 (citing *TPI Corp. v. Merch. Mart of S. Carolina, Inc.*, 61 F.R.D. 684, 688 (D.S.C. 1974)). Intervention under Federal Rule of Civil Procedure 24(b) is "wholly discretionary with the trial court." *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). Either avenue justifies intervention by the United States in the present action.

### A.     The United States Has a Right to Intervene.

The United States satisfies all four requirements to intervene as a right under Federal Rule of Civil Procedure 24(a)(2). First, this motion is timely. When seeking invention as of right, "the timeliness requirement . . . should not be as strictly enforced as in a case where intervention is only permissive." *Brink v. DaLesio*, 667 F.2d 420, 428 (4th Cir. 1981). The Fourth Circuit recognizes several factors to determine if the application is timely: "how far the suit has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in moving to intervene." *Wright v. Krispy Kreme Doughnuts, Inc.*, 231 F.R.D. 475, 478 (M.D.N.C. 2005) (quoting *Scardelletti v. Debarr*, 265 F.3d 195, 203 (4th Cir. 2001), *rev'd on other grounds*, *Devlin v. Scardelletti*, 536 U.S. 1 (2002)). No one factor is determinative, and timeliness is not solely dispositive. Rather, the court should consider all factors together in the totality of the circumstances. *See Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365-66 (1973) ("Timeliness is to be determined from all the circumstances."); *Spring Constr. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980) ("Mere passage of time is but one factor to be considered in light of all the circumstances.").

Here, the United States clearly satisfies the timeliness requirement. The SEC filed the civil proceedings on February 27, 2020. Dkt. No. 1. The United States hereby seeks to intervene before any responsive pleading has been filed, and before any formal discovery has taken place.

Moreover, intervention by the United States in this litigation, in order to represent both its interests the interests of the public by requesting a stay, will not prejudice any party to the litigation or "derail[] a lawsuit within sight" of its completion. *Scardelletti*, 265 F.3d at 203. Accordingly, the United States' motion for intervention should be considered timely.

Second, courts have recognized a "discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 49 (2d Cir. 1988) (affirming order permitting intervention by the United States under Rule 24). Courts recognize the strong interest of federal prosecutors to intervene in a civil action and secure convictions in the criminal case. *Id.* Historically, when federal prosecutors have advised courts that they are conducting criminal prosecutions and investigations of individuals involved in pending civil actions, courts regularly permit the United States to intervene to request a stay of proceedings in the ongoing civil cases. *See, e.g.*, *Chestman*, 861 F.2d at 50 (holding that invention by federal criminal prosecutors to seek stay of civil discovery in SEC action pending completion of a criminal investigation involving the same underlying facts was not an abuse of discretion under either Rule 24(a) or Rule 24(b)); *see also SEC v. Doody*, 186 F. Supp. 2d 379, 381 (S.D.N.Y 2002) (allowing federal criminal prosecutors to intervene in SEC action and request stay in favor of criminal investigation); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 8 (D. Conn. 2002) (granting motion to intervene when criminal and civil actions share common questions of law and fact); *SEC v. Downe*, 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) (allowing prosecutors to intervene to seek stay of discovery). Here, the United States has the highest interest in intervening because the civil action, criminal case, and ongoing criminal investigation arise out of common questions of law and fact. *See Downe*, 1993 WL 22126, at *11 (recognizing that when there are common

questions of law and fact, "the United States Attorney has demonstrated a sufficient interest in the present action to permit intervention").

Third, if the requested intervention and stay are not granted, the United States' ability to prosecute the criminal case could be adversely affected by the civil proceedings. The civil defendants could leverage the broad scope of civil discovery to acquire information from witnesses before trial through depositions, interrogatories, and requests for admission in order to gain access to evidence and theories of prosecution to which they would ordinarily not be entitled under the Federal Rules of Criminal Procedure. For this reason, district courts regularly recognize federal prosecutors' need to intervene to stay civil discovery. *See, e.g.*, *S.E.C. v. Treadway*, 2005 WL 713826, at *2 (S.D.N.Y Mar. 30, 2005) (recognizing that stay is necessary to prevent unfair advantage from civil discovery process); *Rosenthal v. Giuliani*, 2001 WL 121944, at *2 (S.D.N.Y. Feb. 9, 2001) (citing public's interest in "ensuring the criminal discovery process is not subverted" in granting stay). Moreover, the strong interest of the United States and the public in the enforcement of criminal laws warrants intervention. *See, e.g.*, *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 132-36 (1967) (permitting intervention as of right by State in antitrust proceedings because of public interest in effective competition); *SEC v. Realty & Improvement Co.*, 310 U.S. 434, 458-60 (1940) (holding that SEC should have been permitted to intervene in bankruptcy proceeding because resolution of that proceeding might "defeat the public interests which the [SEC] was designated to represent"). The interest in law enforcement may be substantially impaired if civil proceedings were allowed to continue in this matter before the resolution of the criminal case and investigation.

Fourth, the United States' interest in preventing discovery in the civil matter from circumventing the more limited discovery rules in criminal proceedings, as well as its interest in

prosecuting criminal cases, is not adequately represented by the parties in this civil action. *See, e.g.*, *S.E.C. v. Beacon Hill Asset Mgmt. LLC.*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (analyzing the differences between SEC and United States Attorney's office, recognizing that "[t]he two agencies have different public responsibilities, the SEC to protect the integrity of the securities markets and, in some instances, to seek compensation on behalf of victims of violations of our securities laws and the United States Attorney to detect and prosecute criminal violators of those laws"). Therefore, the United States is entitled to intervene as a right.

### B.     Alternatively, the Court Should Permit the United States to Intervene.

For the reasons described above, the United States also satisfies the requirements for permissive intervention under Rule 24(b). As set forth above, the application is timely. Moreover, both cases share common questions of fact. The civil defendants are charged within engaging in essentially the same schemes involved in the criminal case and the pending investigation. Indeed, there is substantial overlap in the core factual allegations underlying this action and the factual questions that will likely be resolved by the criminal case, namely, whether the defendants engaged in a scheme to defraud investors, customers, and banks. Last, the United States' intervention to request a stay would not prejudice any party. Therefore, should the Court determine that the United States does not satisfy the requirements of Rule 24(a)(2), the Court should nonetheless permit the United States to intervene under Rule 24(b).

## II.     The Court Should Stay the Civil Proceedings Pending the Criminal Investigation.

### A.     This Court Has Inherent Authority to Issue a Stay.

This Court has inherent authority to enter a stay in this civil proceeding, derived from the broader power inherent in every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American*

*Co.*, 299 U.S. 248, 254 (1936).  Exercising that inherent power, federal courts "have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense."  *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (citations omitted); *See also United States v. Any And All Assets Of That Certain Business Known As Shane Co. ("Shane Co.")*, 147 F.R.D. 99, 101 (M.D.N.C. 1993) ("[The] Court has authority to stay civil proceedings pending the resolution of criminal investigations.") (internal citations omitted). Indeed, several courts have specifically recognized the priority that should be given to the public interest in law enforcement.  *Shane Co.*, 147 F.R.D. at 101 ("The public has an interest in law enforcement which may, under proper circumstances, be given priority over concurrent civil proceedings."); *Kaiser v. Stewart*, 1997 WL 66186, at *4 (E.D. Pa. 1997) ("While a civil litigant with a private dispute has an interest in the prompt disposition of his or her claims, the public has a greater interest in the enforcement of the criminal law.  This interest alone may be enough to stay the entire civil proceeding, or at least to narrow the range of civil discovery.").  The party "seeking a stay bears the burden of establishing its need."  *S.E.C. v. McGinnis*, 2016 WL 591764, at *3 (D. Vt. Feb. 12, 2016) (internal quotation marks and citations omitted).

In evaluating applications by the United States to stay civil proceedings, courts traditionally balance the competing interests implicated on a case-by-case basis.  *See Shane Company*, 147 F.R.D. at 100-102.  Among the factors relevant to this balancing are:  (1) the prejudice to the United States' interest in connection with ongoing criminal investigations; (2) prejudice to the interests of the civil parties in promptly resolving their disputes; (3) the interests of parties not represented in the civil proceedings; (4) the courts' interests in judicial economy and the efficient use of resources; and (5) the public interests involved in both criminal and civil proceedings.  *See*,

9

*e.g.*, *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (weighing aforementioned factors and collecting cases).

### B. A Stay Will Prevent Unfair Prejudice to the United States.

A stay is appropriate in this case to prevent the defendants from taking unfair advantage of broad civil discovery rules to circumvent the restrictions that would otherwise apply to them as targets in a criminal investigation. As set forth above, courts have recognized a "discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *Chestman*, 861 F.2d at 49. There are vastly different discovery rules that apply in civil and criminal cases, warranting a stay of civil proceedings and discovery in cases in which there are parallel proceedings. *See, e.g.*, *Bridgeport Harbour Place I, LLC*, 269 F. Supp. 2d at 10 ("Courts are very concerned about the differences in discovery afforded to parties in a civil case and those of a defendant in a criminal case."); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992) (granting stay, in part, because "[a]llowing civil discovery to proceed . . . may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules"); *SEC v. Beacon Hill Asset Management LLC*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in addressing a request to stay civil proceedings due to a pending criminal investigation, "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal case"); *Phillip Morris Inc. v. Heinrich*, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (citing concern that defendants "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules" in granting a stay); *Governor of Fed'l Reserve System v. Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of liberal

discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery.") (citations omitted).  For example, criminal defendants, unlike civil litigants, are ordinarily not entitled to depose prosecution witnesses, much less engage in the far-ranging inquiries permitted under the civil rules.  *See, e.g.*, Fed. R. Crim. P. 15(a).  Criminal defendants, unlike civil litigants, are also not permitted to obtain documents reflecting prior statements of witnesses before trial.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a).  The criminal discovery rules are far more limited, requiring production of only those documents that are material to the defense or that the government intends to offer at trial.  *See* Fed. R. Crim. P. 16(a)(1)(C).

The more narrowly tailored discovery rules in criminal cases are justified because: (1) the broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence; (2) the revelation of the identity of prospective witnesses may create the opportunity for intimidation; and (3) the criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-incrimination privilege would effectively block any attempts by the government to discover relevant evidence from the defendants.  *Nakash v. U.S. Dep't of Justice*, 708 F. Supp. 1354, 1366 (S.D.N.Y. 1988); *see also Campbell v. Eastland*, 307 F.2d 478, 487 n.12 (5th Cir. 1962); *Raphael v. Aetna Cas. & Sur.*, 744 F. Supp. 71, 75 (S.D.N.Y. 1990); *Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 381 (D.D.C. 1977).

In this case, discovery in the civil case would undoubtedly provide information to the defendants that would not otherwise be discoverable in the criminal case. For example, witness interviews and depositions would shed light on the progress of the ongoing criminal investigation and prosecution, severely hampering the United States' ability to conduct an orderly investigation and prosecution and to prevent the defendants from manufacturing evidence or tailoring their

testimony. Given the irreparable prejudice the United States will suffer if defendants are able to obtain broad civil discovery, the Court should grant the requested stay.

### C.     A Stay Will Not Prejudice the Civil Parties.

The civil parties will not suffer prejudice as a result of the stay. The SEC, which does not oppose the filing of the requested order, will save significant resources if the criminal proceedings are permitted to proceed unencumbered by the burdens of civil proceedings and discovery. While only one of the civil defendants has been charged criminally, the United States anticipates filing criminal charges against additional defendants. Given that Byrne has signed a Plea Agreement in which he agrees to plead guilty to the criminal charges, it is unlikely that he will proceed to trial in the civil matter. *See SEC v. Freeman*, 290 F. Supp. 2d 401, 405 (S.D.N.Y. 2003) ("It is settled that a party in a civil case may be precluded from relitigating issues adjudicated in a prior criminal proceeding and that the Government may rely on the collateral estoppel effect of the conviction in support of establishing the defendant's liability in the subsequent civil action.").

Moreover, a stay would likely streamline the discovery process for the SEC and any remaining defendants in the civil case after the conclusion of criminal proceedings. *See Twenty First Century Corp.*, 801 F. Supp. at 1011 (noting that stay due to pending criminal action "may streamline later civil discovery since the transcripts from the criminal case will be available to civil parties"); *Rosenthal*, 2001 WL 121944, at *2 ("[A] stay in the action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties."). Therefore, the SEC and civil defendants will not be prejudiced by a stay of the civil proceedings and discovery.

### D.     A Stay Promotes the Court's Interests in Judicial Economy.

Not only will a stay of the civil proceedings benefit the civil litigants, but it will also promote judicial economy. As set forth above, should the criminal case result in additional convictions, the civil case would be streamlined. The criminal proceedings will likely narrow, or even eliminate, factual issues in the civil case. *See, e.g.*, *In re Grand Jury Proceedings*, 995 F.2d 1013, 1018 n. 11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues.") *United States v. Mellon Bank*, 545 F.2d 869, 873 (3rd Cir. 1976) (in affirming a stay of discovery, "it might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case"); *Brock v. Tolkow*, 109 F.R.D. 116, 119-20 (E.D.N.Y. 1985) (noting that "the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues"). Thus, a stay promotes the Court's interest in judicial economy by saving time and resources.

### E.     A Stay Will Protect the Public's Interest.

The public's interest in law enforcement further weighs in favor of granting the requested stay. Courts have long recognized that "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." *Campbell*, 307 F.2d at 487; *see also In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 48 (S.D.N.Y. 1989). In fact, courts have observed that "where both civil and criminal proceedings arise out of the same or related transactions, the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter." *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966).

There is undoubtedly a vital public interest in criminal prosecutions, and stays of civil proceedings promote that interest. *See, e.g.*, *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution."). Even when federal criminal charges have not been filed, courts recognize the public interest in law enforcement, granting stays to halt civil litigation that threatens to impede criminal investigations. *See, e.g.*, *Campbell*, 307 F.2d at 480 (staying civil litigation in insider trading investigation); *Chestman*, 861 F.2d at 50; *Downe*, 1993 WL 22126 at *1 (staying civil proceedings in deference to insurance fraud investigation); *Raphael*, 744 F. Supp. at 73 (staying civil proceedings during bank fraud investigation).

In this case, a stay is especially appropriate to protect the public's interest in law enforcement when an Information has been filed against one civil defendant for engaging in the same conduct that is subject to the SEC Complaint. The criminal prosecution against Byrne, and the anticipated criminal prosecution against his coconspirators, will substantially vindicate the same public interest underlying the SEC's civil action. Therefore, a stay of the civil proceedings is further warranted to protect the public's interest in law enforcement.

## **CONCLUSION**

The United States requests that the Court grant its timely motion to intervene as a right under Rule 24(a)(2) to adequately protect the United States' interest in the integrity of the ongoing criminal investigation. Further, the Court should stay the civil proceedings during the pendency of the criminal case and ongoing criminal investigation to prevent unfair prejudice to the United States by allowing the Civil Defendants to circumvent the more restrictive criminal discovery

rules.  Moreover, a stay of the proceedings will not prejudice the parties to the civil action and will promote judicial economy and the public's interest in law enforcement.

                Respectfully submitted,

                PETER M. MCCOY, JR.
                UNITED STATES ATTORNEY

By:    /s/Emily E. Limehouse
       EMILY E. LIMEHOUSE (#12300)
       JAMES H. MAY
       BROOK B. ANDREWS
       WINSTON D. HOLLIDAY
       Assistant United States Attorneys
       151 Meeting Street, Suite 200
       Charleston, SC 29401
       Telephone (843) 266-1663
       Emily.Limehouse@usdoj.gov

*Attorneys for the United States of America*