UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SCANA CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 3:20-cv-00882-MGL |

**FINAL JUDGMENT AS TO DEFENDANTS SCANA
CORPORATION AND DOMINION ENERGY SOUTH CAROLINA, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendants SCANA Corporation and Dominion Energy South Carolina, Inc. (f/k/a South Carolina Electric & Gas Company) ("Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

1

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

     made, in light of the circumstances under which they were made, not misleading;
or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, and DECREED that Defendants are permanently restrained and enjoined from filing with the Commission any periodic report pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13], which contains any untrue statement of material fact, or which omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which fails to comply in any material respect with the requirements of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations thereunder.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement and prejudgment interest thereon in the amount of $112.5 million.  This amount shall be deemed fully satisfied by the approximately $117 million paid in satisfaction of claims in *Richard Lightsey, et al., v. SCE&G, SCANA, and the State of South Carolina*, No. 2017-CP-25-00335 (S.C. Ct. of Comm. Pleas filed Aug. 14, 2017), and the approximately $192.5 million to be paid in satisfaction of claims in *In re SCANA Corp. Sec. Litig.*, No. 3:17-CV-2616-MBS (D.S.C. filed Sept. 27, 2017).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant SCANA Corporation shall pay a civil penalty in the amount of $25 million pursuant to Section 21(d) of the Exchange Act [15 U.S.C. §78u(d)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].  Defendant SCANA Corporation shall satisfy this obligation by paying $25 million to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant SCANA Corporation may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant SCANA Corporation may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch

    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; SCANA Corporation as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  Defendant SCANA Corporation shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

  Defendant SCANA Corporation shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant SCANA Corporation relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant SCANA Corporation.

  The Commission shall hold the civil penalty funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant SCANA Corporation shall not, in connection with the award of compensatory damages in any Related Investor Action, argue that it is entitled to, nor shall it

further benefit by, any offset or reduction of such compensatory damages award by the amount of any part of Defendant SCANA Corporation's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant SCANA Corporation shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant SCANA Corporation by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2020     _____
                                                              UNITED STATES DISTRICT JUDGE