UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

SCANA CORPORATION, et al.,

    Defendants.

Civil Action No. 3:20-cv-00882-MGL

**CONSENT OF DEFENDANTS SCANA CORPORATION
AND DOMINION ENERGY SOUTH CAROLINA, INC.**

1. Defendants SCANA Corporation and Dominion Energy South Carolina, Inc. (f/k/a South Carolina Electric & Gas Company) ("Defendants") acknowledge having been served with the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendants from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and

    (b) permanently restrains and enjoins Defendants from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; and

1

(c) permanently restrains and enjoins Defendants from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13]; and

(d) orders Defendants to pay disgorgement plus prejudgment interest thereon in the amount of $112.5 million, with Defendants' obligation to pay disgorgement and prejudgment interest deemed fully satisfied by the approximately $117 million paid in satisfaction of claims in *Richard Lightsey, et al., v. SCE&G, SCANA, and the State of South Carolina*, No. 2017-CP-25-00335 (S.C. Ct. of Comm. Pleas filed Aug. 14, 2017), and the approximately $192.5 million to be paid in satisfaction of claims in *In re SCANA Corp. Sec. Litig.*, No. 3:17-CV-2616-MBS (D.S.C. filed Sept. 27, 2017); and

(e) orders Defendant SCANA Corporation to pay a civil penalty in the amount of $25 million under Section 21(d) of the Exchange Act [15 U.S.C. §78u(d)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

3. Defendant SCANA Corporation acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant SCANA Corporation agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant SCANA Corporation's payment of disgorgement in this action, argue that it is entitled to, nor shall it

2

further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant SCANA Corporation's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant SCANA Corporation agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant SCANA Corporation by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.      Defendant SCANA Corporation agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant SCANA Corporation pays pursuant to the Final Judgment, regardless of whether such civil penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant SCANA Corporation further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any civil penalty amounts that Defendant SCANA Corporation pays pursuant to the Final Judgment, regardless of whether such civil penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

3

6. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

8. Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge

that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

12.    Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that [it] neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; and (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and

restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 06/10/2020

SCANA Corporation

By: _____
Carlos M. Brown
Senior Vice President, General Counsel
and Chief Compliance Officer

On 10, 2020, June, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of SCANA Corporation as its Senior Vice President, General Counsel and Chief Compliance Officer.

Heather Hill
Notary Public
Commission expires: March 31, 2024
City of Richmond

[Notary Seal: HEATHER N. HILL, NOTARY PUBLIC, MY COMMISSION NUMBER 7514580, COMMONWEALTH OF VIRGINIA]

6

Dated: 6/10/2020

Dominion Energy South Carolina, Inc.

By: _____
Carlos M. Brown
Senior Vice President, General Counsel
and Chief Compliance Officer

On __10__, 2020, __June__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Dominion Energy South Carolina, Inc. as its Senior Vice President, General Counsel and Chief Compliance Officer.

Heather Hill
Notary Public
Commission expires: March 31, 2024
City of Richmond

[Notary Seal: HEATHER N. HILL, NOTARY PUBLIC, COMMONWEALTH OF VIRGINIA, MY COMMISSION NUMBER 7514580]

Approved as to form:

_____
Benjamin L. Hatch
Louis D. Greenstein
McGuireWoods, LLP
2001 K Street, N.W.
Suite 400
Washington, DC 20006

Counsel for Defendants
SCANA Corporation and
Dominion Energy South Carolina, Inc.

7